SA:MJJ/AS
F. #2016R00512

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

VIKTOR ZELINGER,
    also known as "Vitya" and
    "Vityok,"
LEONID GERSHMAN,
    also known as "Lenny," "Lenny
    G.," "Lyonchik" and "Lyonya,"
ALEKSEY TSVETKOV,
    also known as "Pelmin,"
    "Lesha" and "Lyosha,"
RENAT YUSUFOV,
    also known as "Ronnie" and
    "Ronik,"
IGOR KRUGLY,
VYACHESLAV MALKEYEV,
    also known as "Steve Bart,"
ISOK ARONOV,
YUSIF PARDILOV,
    also known as "Yosik," and
LIBRADO RIVERA,
    also known as "Macho" and
    "Max,"

                Defendants.

– – – – – – – – – – – – –X

IRIZARRY, CH.J.

SCANLON, M.J.

INDICTMENT

Cr. No. CR 16- 553

(T. 18, U.S.C., §§ 892(a), 894(a)(1),
  981(a)(1)(C), 1951(a), 1955(a), 1955(d),
  1962(c), 1962(d), 1963, 1963(a), 1963(m), 2
  and 3551 et seq.; T. 21, U.S.C.,
  §§ 841(a)(1), 841(b)(1)(B)(vii),
  841(b)(1)(D), 846, 853(a) and 853(p); T. 28,
  U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

At all times relevant to this indictment, unless otherwise indicated:

### The Enterprise

1.      The syndicate (hereinafter the "syndicate" or the "enterprise") was a criminal organization, operating in, among other places, the Brighton Beach and Coney Island neighborhoods of Brooklyn, New York.   Members of the syndicate have engaged in extortion, narcotics trafficking, loansharking, illegal gambling and extortionate debt collection, among other criminal activities.

2.      The syndicate, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The syndicate constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

3.      The principal purpose of the syndicate was to generate money for its members.   This purpose was implemented by members of the syndicate through their commission of various criminal activities, including extortion, narcotics trafficking, loansharking, illegal gambling and extortionate debt collection.   The members of the syndicate furthered the syndicate's criminal activities by using, and threatening to use, economic injury and physical violence.   The members of the syndicate engaged in conduct

designed to prevent government detection of their illegal activity and the location and proceeds of those activities.

Means and Methods of the Enterprise

4.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the syndicate were the following:

a.      Members of the syndicate and their associates used, attempted to use and conspired to use extortion, which affected interstate and foreign commerce.

b.      Members of the syndicate and their associates conspired to make extortionate extensions of credit and used extortionate means to collect debts.

c.      Members of the syndicate and their associates ran unlawful gambling operations and used extortionate means to collect debts owed therefrom.

d.      Members of the syndicate and their associates distributed and possessed with intent to distribute and conspired to distribute and possess with intent to distribute narcotics.

The Defendants

5.      The defendants VIKTOR ZELINGER, also known as "Vitya" and Vityok," LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," IGOR KRUGLY, VYACHESLAV MALKEYEV, also known as "Steve Bart," ISOK ARONOV, YUSIF

PARDILOV, also known as "Yosik," and LIBRADO RIVERA, also known as "Macho" and "Max," were members of the syndicate.

## COUNT ONE
### (Racketeering)

6.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.     In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VIKTOR ZELINGER, also known as "Vitya" and Vityok," LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," IGOR KRUGLY, VYACHESLAV MALKEYEV, also known as "Steve Bart," ISOK ARONOV, YUSIF PARDILOV, also known as "Yosik," and LIBRADO RIVERA, also known as "Macho" and "Max," together with others, being persons employed by and associated with the syndicate, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
### (Extortion Conspiracy/Extortionate Collection of Credit Conspiracy)

8.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act One.

A.     Federal Extortion Conspiracy

9.     In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VIKTOR ZELINGER, LEONID GERSHMAN, ALEKSEY TSVETKOV, IGOR KRUGLY and YUSIF PARDILOV, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, from one or more persons, with their consent, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

B.     State Extortion Conspiracy

10.    In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VIKTOR ZELINGER, LEONID GERSHMAN, ALEKSEY TSVETKOV, IGOR KRUGLY and YUSIF PARDILOV, together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and others agreed to obtain property, from one or more persons, by compelling and inducing one or more persons to deliver property by instilling in one or more persons a fear that, if the property were not so delivered, the defendants and others would (1) cause physical injury to some person in the future and (2) cause damage to property, in violation of New York Penal Law Sections 155.40(2), 155.05(2)(e)(i), 155.05(2)(e)(ii) and 105.10.

C.    Extortionate Collection of Credit Conspiracy

11.    In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VIKTOR ZELINGER, LEONID GERSHMAN, ALEKSEY TSVETKOV, RENAT YUSUFOV, IGOR KRUGLY, ISOK ARONOV and YUSIF PARDILOV, together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect one or more extensions of credit, from one or more individuals, in violation of Title 18, United States Code, Section 894(a)(1).

RACKETEERING ACT TWO
(Extortionate Extension of Credit Conspiracy/Extortionate Extension of Credit)

12.    The defendants named below committed the following acts, either of which alone constitutes Racketeering Act Two:

A.    Extortionate Extension of Credit Conspiracy

13.    In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN and ISOK ARONOV, together with others, did knowingly and intentionally conspire to make one or more extortionate extensions of credit, to one or more individuals, in violation of Title 18, United States Code, Section 892(a).

B.    Extortionate Extension of Credit

14.    In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN and ISOK ARONOV, together with others, did knowingly

and intentionally make one or more extortionate extensions of credit to one or more

individuals, in violation of Title 18, United States Code, Sections 892(a) and 2.

### RACKETEERING ACT THREE
(Illegal Gambling)

15.     In or about and between March 2016 and October 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants VIKTOR ZELINGER, LEONID GERSHMAN, ALEKSEY TSVETKOV,

RENAT YUSUFOV, IGOR KRUGLY, VYACHESLAV MALKEYEV, ISOK ARONOV

and YUSIF PARDILOV, together with others, did knowingly and intentionally conduct,

finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit: a

gambling business involving poker games, which operated in violation of the laws of New

York State, to wit: New York Penal Law Sections 225.05 and 225.20, which involved five or

more persons who conducted, financed, managed, supervised, directed and owned all or part of

such business and which remained in substantially continuous operation for a period in excess

of 30 days and had gross revenues of $2,000 or more in a single day, in violation of Title 18,

United States Code, Sections 1955(a) and 2.

### RACKETEERING ACT FOUR
(Conspiracy to Distribute Marijuana)

16.     In or about and between March 2016 and October 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants LEONID GERSHMAN, VYACHESLAV MALKEYEV and LIBRADO

RIVERA, together with others, did knowingly and intentionally conspire to distribute and

possess with intent to distribute a controlled substance, which offense involved a substance

containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States

Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

## RACKETEERING ACT FIVE
### (Distribution of Marijuana)

17.    On or about and between May 12, 2016 and May 16, 2016, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants LEONID GERSHMAN, VYACHESLAV MALKEYEV and LIBRADO

RIVERA, together with others, did knowingly and intentionally distribute and possess with

intent to distribute a controlled substance, which offense involved a substance containing

marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code,

Section 841(a)(1) and Title 18, United States Code, Section 2.

## RACKETEERING ACT SIX
### (Distribution of Marijuana)

18.    On or about May 19, 2016, within the Eastern District of New York and

elsewhere, the defendants LEONID GERSHMAN, VYACHESLAV MALKEYEV and

LIBRADO RIVERA, together with others, did knowingly and intentionally distribute and

possess with intent to distribute a controlled substance, which offense involved a substance

containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

(Title 18, United States Code, Sections 1962(c), 1963, 2 and 3551 et seq.)

<u>COUNT TWO</u>
(Collection of Unlawful Debt Racketeering Conspiracy)

19.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

20.     In or about and between February 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VIKTOR ZELINGER, also known as "Vitya" and Vityok," LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," IGOR KRUGLY, VYACHESLAV MALKEYEV, also known as "Steve Bart," ISOK ARONOV and YUSIF PARDILOV, also known as "Yosik," together with others, being persons employed by and associated with the syndicate, an enterprise which engaged in, and the activities of which affected interstate and foreign commerce, did knowingly and intentionally conspire to conduct and participate directly and indirectly in the conduct of the affairs of the enterprise, through the collection of unlawful debt, incurred and contracted in gambling activity in violation of Federal law, to wit: Title 18, United States Code, Section 1955, and State law, to wit: New York Penal Law Sections 225.05 and 225.20, and incurred in connection with the business of gambling in violation of Federal and State law.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 <u>et seq</u>.)

## COUNT THREE
(Extortion Conspiracy)

21.     The allegations contained in paragraphs one through five are realleged

and incorporated as if fully set forth in this paragraph.

22.     In or about and between March 2016 and October 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants VIKTOR ZELINGER, also known as "Vitya" and Vityok," LEONID

GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY

TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," IGOR KRUGLY and YUSIF

PARDILOV, also known as "Yosik," together with others, did knowingly and intentionally

conspire to obstruct, delay and affect commerce, and the movement of articles and

commodities in commerce, by extortion, in that the defendants and others agreed to obtain

property from one or more persons, with their consent, which consent was to be induced

through the wrongful use of actual and threatened force, violence and fear.

(Title 18, United Stats Code, Sections 1951(a) and 3551 et seq.)

## COUNT FOUR
(Extortionate Collection of Credit Conspiracy)

23.     The allegations contained in paragraphs one through five are realleged

and incorporated as if fully set forth in this paragraph.

24.     In or about and between March 2016 and October 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants VIKTOR ZELINGER, also known as "Vitya" and Vityok," LEONID

GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY

TSVETKOV, also known as, "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," IGOR KRUGLY, ISOK ARONOV and YUSIF PARDILOV, also known as "Yosik," together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect an extension of credit from one or more persons.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

## COUNT FIVE
### (Illegal Gambling)

25.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

26.     In or about and between March 2016 and October 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants VIKTOR ZELINGER, also known as "Vitya" and Vityok," LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," IGOR KRUGLY and ISOK ARONOV, together with others, did knowingly and intentionally conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, to wit: a gambling business involving poker games, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05 and 225.20, which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of such business and which remained in

substantially continuous operation for a period in excess of 30 days and had gross revenues of

$2,000 or more in a single day.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## COUNT SIX
### (Conspiracy to Distribute Marijuana)

27.     In or about and between April 2014 and October 2016, both dates being

approximate and exclusive, within the Eastern District of New York and elsewhere, the

defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and

"Lyonya," VYACHESLAV MALKEYEV, also known as "Steve Bart," and LIBRADO

RIVERA, also known as "Macho," and "Max," together with others, did knowingly and

intentionally conspire to distribute and possess with intent to distribute a controlled substance,

which offense involved 100 kilograms or more of a substance containing marijuana, a

Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vii); Title 18,

United States Code, Sections 3551 et seq.)

## COUNT SEVEN
### (Distribution of Marijuana)

28.     On or about and between May 12, 2016 and May 16, 2016, both dates

being approximately and exclusive, within the Eastern District of New York and elsewhere,

the defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and

"Lyonya," VYACHESLAV MALKEYEV, also known as "Steve Bart," and LIBRADO

RIVERA, also known as "Macho," and "Max," together with others, did knowingly and

intentionally distribute and possess with intent to distribute a controlled substance, which

offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18,

United States Code, Sections 2 and 3551 et seq.)

## COUNT EIGHT
(Distribution of Marijuana)

29.     On or about May 19, 2016, within the Eastern District of New York and

elsewhere, the defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.,"

"Lyonchik" and "Lyonya," VYACHESLAV MALKEYEV, also known as "Steve Bart," and

LIBRADO RIVERA, also known as "Macho," and "Max," together with others, did

knowingly and intentionally distribute and possess with intent to distribute a controlled

substance, which offense involved a substance containing marijuana, a Schedule I controlled

substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18,

United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Extortionate Extension of Credit Conspiracy)

30.     In or about and between March 2016 and October 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and

"Lyonya," and ISOK ARONOV, together with others, did knowingly and intentionally

conspire to make one or more extortionate extensions of credit.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

14

## COUNT TEN
(Extortionate Extension of Credit)

31.     In or about and between March 2016 and October 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and

"Lyonya," and ISOK ARONOV, together with others, did knowingly and intentionally make

one or more extortionate extensions of credit.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE AND TWO

32.     The United States hereby gives notice to the defendants charged in

Counts One and Two that, upon their conviction of either offense, the government will seek

forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any

person convicted of such offenses to forfeit any interest the person has acquired or maintained

in violation of Section 1962; any interest in, security of, claim against, or property or

contractual right of any kind affording a source of influence over any enterprise which the

person has established, operated, controlled, conducted, or participated in the conduct of, in

violation of Section 1962; and any property constituting, or derived from, any proceeds which

the person obtained, directly or indirectly, from racketeering activity or unlawful debt

collection in violation of Section 1962.

33.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

        (c)      has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, FOUR, NINE AND TEN

34.     The United States hereby gives notice to the defendants charged in

Counts Three, Four, Nine and Ten, that upon their conviction of any such offenses, the

government will seek forfeiture in accordance with Title 18, United States Code, Section

981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person

convicted of such offenses to forfeit any property, real or personal, constituting or derived

from proceeds traceable to such offenses, or a conspiracy to commit such offenses.

35.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT FIVE

36.     The United States hereby gives notice to the defendants charged in

Count Five that upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), which require any person convicted of such offense to forfeit any

property, real or personal, constituting or derived from proceeds traceable to such offense, or a

conspiracy to commit such offense, and Title 18, United States Code, Section 1955(d), which

requires any person convicted of such offense to forfeit any property, including money, used in

such offense.

37.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

        (c)      has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

       (Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21,

United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SIX THROUGH EIGHT

       38.     The United States hereby gives notice to the defendants charged in

Counts Six through Eight that, upon their conviction of any such offenses, the government will

seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires

any person convicted of such offenses to forfeit any property constituting, or derived from, any

proceeds obtained, directly or indirectly, as the result of such offenses, and any of the person's

property used, or intended to be used, in any manner or part, to commit, or to facilitate the

commission of, such offenses.

       39.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2016R00512

FORM DBD-34
JUN. 85

No. 16-CR-526

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*VIKTOR ZELINGER, a "Vitya" and Vityok," LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," IGOR KRUGLY, VYACHESLAV MALKEYEV, also known as "Steve Bart," ISOK ARONOV, YUSIF PARDILOV, also known as "Yosik," and LIBRADO RIVERA, also known as "Macho" and "Max,*

Defendants.

## INDICTMENT

(T.18, U.S.C., §§ 892(a), 894(a)(1), 981(a)(1)(C), 1951(a), 1955(a), 1955(d), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2 and 3551 et seq.; T. 21, U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 841(b)(1)(D), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____          *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                    *Clerk*

*Bail, $* _____

_____

**Matthew Jacobs, Andrey Spektor,**
**Assistant U.S. Attorneys (718) 254-7000**