MKM:MJJ/AS
F. #2016R00512

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – –X

UNITED STATES OF AMERICA

- against -

LEONID GERSHMAN,
 also known as "Lenny," "Lenny
 G.," "Lyonchik" and "Lyonya,"
ALEKSEY TSVETKOV,
 also known as "Pelmin,"
 "Lesha" and "Lyosha,"
RENAT YUSUFOV,
 also known as "Ronnie" and
 "Ronik,"
YUSIF PARDILOV,
 also known as "Yosik,"
LIBRADO RIVERA,
 also known as "Macho" and
 "Max," and
ERIC BOBRITSKY,
 also known as "Mamaz Boy,"

     Defendants.

– – – – – – – – – – – –X

FILED
CLERK

2017 JUN -7  PM 4: 02

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 16-553 (S-1) (BMC)
(T. 18, U.S.C., §§ 892(a), 894(a)(1),
924(c)(1)(A)(i), 924(c)(1)(A)(ii),
981(a)(1)(C), 1951(a), 1955(a), 1955(d),
1962(c), 1962(d), 1963, 1963(a), 1963(m),
2 and 3551 et seq.; T. 21, U.S.C.,
§§ 841(a)(1), 841(b)(1)(A)(ii)(II),
841(b)(1)(B)(vii), 841(b)(1)(D), 846,
853(a) and 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.     The syndicate (hereinafter the "syndicate" or the "enterprise") was a criminal organization, operating in, among other places, the Brighton Beach and Coney Island neighborhoods of Brooklyn, New York.   Members of the syndicate have engaged in extortion, narcotics trafficking, loansharking, illegal gambling and extortionate debt collection, among other criminal activities.

2.     The syndicate, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The syndicate constituted an ongoing organization whose members and associates functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

3.     The principal purpose of the syndicate was to generate money for its members.   This purpose was implemented by members of the syndicate through their commission of various criminal activities, including extortion, narcotics trafficking, loansharking, illegal gambling and extortionate debt collection.   The members of the syndicate furthered the syndicate's criminal activities by using, and threatening to use, economic injury and physical violence.   The members of the syndicate engaged in conduct

designed to prevent government detection of their illegal activity and the location and proceeds of those activities.

Means and Methods of the Enterprise

4.     Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the syndicate were the following:

a.     Members of the syndicate and their associates used, attempted to use and conspired to use extortion, which affected interstate and foreign commerce.

b.     Members of the syndicate and their associates conspired to make extortionate extensions of credit and used extortionate means to collect debts.

c.     Members of the syndicate and their associates ran unlawful gambling operations and used extortionate means to collect debts owed therefrom.

d.     Members of the syndicate and their associates distributed and possessed with intent to distribute and conspired to distribute and possess with intent to distribute narcotics.

The Defendants

5.     The defendants ██████████████████████████ ██████ LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," YUSIF PARDILOV, also known as "Yosik," LIBRADO RIVERA, also known as "Macho" and "Max," and ERIC BOBRITSKY, also known as "Mamaz Boy," were members of the syndicate.

## COUNT ONE
(Racketeering)

6.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.     In or about and between 2006 and May 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," YUSIF PARDILOV, also known as "Yosik," LIBRADO RIVERA, also known as "Macho" and "Max," and ERIC BOBRITSKY, also known as "Mamaz Boy," together with others, being persons employed by and associated with the syndicate, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
### (Extortion Conspiracy/Extortionate Collection of Credit Conspiracy)

8.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act One.

A.     <u>Federal Extortion Conspiracy</u>

9.     In or about and between 2015 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants         LEONID GERSHMAN, ALEKSEY TSVETKOV and YUSIF PARDILOV, together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property, from one or more persons, with their consent, which consent was to be induced through wrongful use of actual and threatened force, violence and fear, in violation of Title 18, United States Code, Section 1951(a).

B.     <u>State Extortion Conspiracy</u>

10.     In or about and between 2015 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants         LEONID GERSHMAN, ALEKSEY TSVETKOV and YUSIF PARDILOV, together with others, did knowingly and intentionally conspire to steal property by extortion, in that the defendants and others agreed to obtain property, from one or more persons, by compelling and inducing one or more persons to deliver property by instilling in one or more persons a fear that, if the property were not so delivered, the defendants and others would (1) cause physical injury to some person in the future and (2)

cause damage to property, in violation of New York Penal Law Sections 155.40(2),

155.05(2)(e)(i), 155.05(2)(e)(ii) and 105.10.

    C.    Extortionate Collection of Credit Conspiracy

    11.    In or about and between 2015 and November 2016, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants          LEONID GERSHMAN, ALEKSEY TSVETKOV,

RENAT YUSUFOV and YUSIF PARDILOV, together with others, did knowingly and

intentionally conspire to participate in the use of extortionate means to collect and attempt to

collect one or more extensions of credit, from one or more individuals, in violation of Title

18, United States Code, Section 894(a)(1).

RACKETEERING ACT TWO<br>(Extortion – John Doe #1)

    12.    The defendant named below committed the following acts, either of

which alone constitutes Racketeering Act Two.

    A.    Federal Extortion

    13.    In or about 2016, within the Eastern District of New York and

elsewhere, the defendant LEONID GERSHMAN, together with others, did knowingly and

intentionally obstruct, delay and affect commerce, and the movement of articles and

commodities in commerce, by extortion, in that the defendant and others obtained property,

to wit: proceeds from an illegal narcotics trafficking business, from John Doe #1, an

individual whose identity is known to the Grand Jury, with his consent, which consent was

induced through wrongful use of actual and threatened force, violence and fear, in violation

of Title 18, United States Code, Sections 1951(a) and 2.

B.    State Extortion

14.    In or about 2016, within the Eastern District of New York and elsewhere, the defendant LEONID GERSHMAN, together with others, did knowingly and intentionally steal property by extortion, in that the defendant and others obtained property, to wit: money, by compelling and inducing John Doe #1 to deliver such property by instilling in him a fear that, if the property were not so delivered, the defendant and others would (1) cause physical injury to some person in the future and (2) cause damage to property, in violation of New York Penal Law Sections 155.05(2)(e)(i), 155.05(2)(e)(ii) and 20.00.

## RACKETEERING ACT THREE
(Extortionate Extension of Credit Conspiracy/Extortionate Extension of Credit)

15.    The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Three:

A.    Extortionate Extension of Credit Conspiracy

16.    In or about and between March 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LEONID GERSHMAN, together with others, did knowingly and intentionally conspire to make one or more extortionate extensions of credit, to one or more individuals, in violation of Title 18, United States Code, Section 892(a).

B.    Extortionate Extension of Credit

17.    In or about and between March 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LEONID GERSHMAN, together with others, did knowingly and intentionally

make one or more extortionate extensions of credit to one or more individuals, in violation of Title 18, United States Code, Sections 892(a) and 2.

## RACKETEERING ACT FOUR
(Illegal Gambling)

18.    In or about and between 2015 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▓▓▓▓▓▓▓▓▓▓▓▓ LEONID GERSHMAN, ALEKSEY TSVETKOV, RENAT YUSUFOV and YUSIF PARDILOV, together with others, did knowingly and intentionally conduct, finance, manage, supervise, direct and own all or part of an illegal gambling business, to wit: a gambling business involving poker games, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05 and 225.20, which involved five or more persons who conducted, financed, managed, supervised, directed and owned all or part of such business and which remained in substantially continuous operation for a period in excess of 30 days and had gross revenues of $2,000 or more in a single day, in violation of Title 18, United States Code, Sections 1955(a) and 2.

## RACKETEERING ACT FIVE
(Conspiracy to Distribute Cocaine/Distribution of Cocaine)

19.    The defendants named below committed the following acts, either of which alone constitutes Racketeering Act Five.

A.    Conspiracy to Distribute Cocaine

20.    In or about and between 2006 and May 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RENAT YUSUFOV and ERIC BOBRITSKY, together with others, did

knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II). The quantity of cocaine involved in the conspiracy attributable to each of the defendants as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five kilograms or more of a substance containing cocaine.

  B.  <u>Distribution of Cocaine</u>

   21. In or about and between 2006 and May 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants RENAT YUSUFOV and ERIC BOBRITSKY, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II), and Title 18, United States Code, Section 2.

RACKETEERING ACT SIX
(Conspiracy to Distribute Marijuana)

   22. In or about and between 2011 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN, ERIC BOBRITSKY and LIBRADO RIVERA, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a

Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT SEVEN
(Distribution of Marijuana)

23.     On or about and between May 12, 2016 and May 16, 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN and LIBRADO RIVERA, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

### RACKETEERING ACT EIGHT
(Distribution of Marijuana)

24.     On or about May 19, 2016, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN and LIBRADO RIVERA, together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

(Title 18, United States Code, Sections 1962(c), 1963, 2 and 3551 et seq.)

### COUNT TWO
(Collection of Unlawful Debt Racketeering Conspiracy)

25.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

26.     In or about and between 2015 and 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," and YUSIF PARDILOV, also known as "Yosik," together with others, being persons employed by and associated with the syndicate, an enterprise which engaged in, and the activities of which affected interstate and foreign commerce, did knowingly and intentionally conspire to conduct and participate directly and indirectly in the conduct of the affairs of the enterprise, through the collection of unlawful debt, incurred and contracted in gambling activity in violation of Federal law, to wit: Title 18, United States Code, Section 1955, and State law, to wit: New York Penal Law Sections 225.05 and 225.20, and incurred in connection with the business of gambling in violation of Federal and State law.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Extortion Conspiracy)

27.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

28.     In or about and between 2015 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," and YUSIF PARDILOV,

also known as "Yosik," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, in that the defendants and others agreed to obtain property from one or more persons, with their consent, which consent was to be induced through the wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

### COUNT FOUR
(Extortionate Collection of Credit Conspiracy)

29.    The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

30.    In or about and between 2015 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨ LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Łyonya," ALEKSEY TSVETKOV, also known as, "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," and YUSIF PARDILOV, also known as "Yosik," together with others, did knowingly and intentionally conspire to participate in the use of extortionate means to collect and attempt to collect an extension of credit from one or more persons.

(Title 18, United States Code, Sections 894(a)(1) and 3551 et seq.)

### COUNT FIVE
(Extortion – John Doe #1)

31.    The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

32. In or about 2016, within the Eastern District of New York and elsewhere, the defendant LEONID GERSHMAN, also known as also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by extortion, and attempt to do so, in that the defendant and others obtained and attempted to obtain property, to wit: proceeds from an illegal narcotics trafficking business from John Doe #1, with his consent, which consent was induced through wrongful use of actual and threatened force, violence and fear.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

COUNT SIX
(Illegal Gambling)

33. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

34. In or about and between March 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ██████████████████████████████ LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and "Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik," and YUSIF PARDILOV, also known as "Yosik," together with others, did knowingly and intentionally conduct, finance, manage, supervise, direct, and own all or part of an illegal gambling business, to wit: a gambling business involving poker games, which operated in violation of the laws of New York State, to wit: New York Penal Law Sections 225.05 and 225.20, which involved five or more persons who conducted,

financed, managed, supervised, directed and owned all or part of such business and which

remained in substantially continuous operation for a period in excess of 30 days and had

gross revenues of $2,000 or more in a single day.

(Title 18, United States Code, Sections 1955(a), 2 and 3551 et seq.)

## COUNT SEVEN
(Conspiracy to Distribute Cocaine)

35.     In or about and between 2006 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants RENAT YUSUFOV, also known as "Ronnie" and "Ronik," and ERIC

BOBRITSKY, also known as "Mamaz Boy," together with others, did knowingly and

intentionally conspire to distribute and possess with intent to distribute a controlled

substance, which offense involved a substance containing cocaine, a Schedule II controlled

substance, contrary to Title 21, United States Code, Section 841(a)(1).   The quantity of

cocaine involved in the conspiracy attributable to each of the defendants as a result of his

own conduct, and the conduct of other conspirators reasonably foreseeable to him, was five

kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii)(II); Title 18,

United States Code, Sections 3551 et seq.)

## COUNT EIGHT
(Distribution of Cocaine)

36.     In or about and between March 2006 and May 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants RENAT YUSUFOV, also known as "Ronnie" and "Ronik," and ERIC

BOBRITSKY, also known as "Mamaz Boy," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii)(II); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINE
(Using, Carrying and Possessing a Firearm)

37.     In or about and between 2006 and November 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RENAT YUSUFOV, also known as "Ronnie" and "Ronik," did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence and drug trafficking crimes, to wit: the crimes charged in Counts One, Seven and Eight, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence and drug trafficking crimes, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii) and 3551 et seq.)

## COUNT TEN
(Conspiracy to Distribute Marijuana)

38.     In or about and between 2010 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and

"Lyonya," ERIC BOBRITSKY, also known as "Mamaz Boy," and LIBRADO RIVERA, also known as "Macho" and "Max," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1). The quantity of marijuana involved in the conspiracy attributable to each of the defendants as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was 100 kilograms or more of a substance containing marijuana.

(Title 21, United States Code, Sections 846 and 841(b)(1)(B)(vii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT ELEVEN
(Distribution of Marijuana)

39. On or about and between May 12, 2016 and May 16, 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," and LIBRADO RIVERA, also known as "Macho" and "Max," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWELVE
(Distribution of Marijuana)

40.     On or about May 19, 2016, within the Eastern District of New York and elsewhere, the defendants LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," and LIBRADO RIVERA, also known as "Macho" and "Max," together with others, did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance.

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT THIRTEEN
(Extortionate Extension of Credit Conspiracy)

41.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

42.     In or about and between March 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," together with others, did knowingly and intentionally conspire to make one or more extortionate extensions of credit.

(Title 18, United States Code, Sections 892(a) and 3551 et seq.)

## COUNT FOURTEEN
(Extortionate Extension of Credit)

43.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

44.     In or about and between March 2016 and November 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LEONID GERSHMAN, also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya," together with others, did knowingly and intentionally make one or more extortionate extensions of credit.

(Title 18, United States Code, Sections 892(a), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

45.     The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963(a), which requires any person convicted of such offenses to forfeit any interest the person has acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Section 1962.

46.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;

     (d)     has been substantially diminished in value; or

     (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS THREE, FOUR, FIVE, THIRTEEN AND FOURTEEN

47.    The United States hereby gives notice to the defendants charged in Counts Three, Four, Five, Thirteen and Fourteen, that upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offenses.

48.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

     (a)     cannot be located upon the exercise of due diligence;

     (b)     has been transferred or sold to, or deposited with, a third party;

     (c)     has been placed beyond the jurisdiction of the court;

     (d)     has been substantially diminished in value; or

     (e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT SIX

49.     The United States hereby gives notice to the defendants charged in Count Six that upon their conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense, and Title 18, United States Code, Section 1955(d), which requires any person convicted of such offense to forfeit any property, including money, used in such offense.

50.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 1955(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS SEVEN, EIGHT AND TEN THROUGH TWELVE

51.    The United States hereby gives notice to the defendants charged in Counts Seven, Eight and Ten through Twelve that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offenses to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offenses, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

52.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_____
FOREPERSON

_____
BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2016R00512
FORM DBD-34
Jun 85

No. 16-CR-553

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

<span style="background:gray">████████████████</span>*LEONID GERSHMAN,
also known as "Lenny," "Lenny G.," "Lyonchik" and "Lyonya,"
ALEKSEY TSVETKOV, also known as "Pelmin," "Lesha" and
"Lyosha," RENAT YUSUFOV, also known as "Ronnie" and "Ronik,"
YUSIF PARDILOV, also known as "Yosik," LIBRADO RIVERA, also
known as "Macho" and "Max, and ERIC BOBRITSKY, also known as
"Mamaz Boy,"*

Defendants.

## SUPERSEDING INDICTMENT

(T.18, U.S.C., §§ 892(a), 894(a)(1), 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
981(a)(1)(C), 1951(a), 1955(a), 1955(d), 1962(c), 1962(d), 1963, 1963(a),
1963(m), 2 and 3551 et seq.; T. 21, U.S.C. §§ 841(a)(1),
841(b)(1)(A)(ii)(II), 841(b)(1)(B)(vii), 841(b)(1)(D), 846, 853(a) and
853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day, of* _____ *A.D. 20* _
_ _ _ _
_____
*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _

_____

***Matthew Jacobs, Andrey Spektor,
Assistant U.S. Attorneys (718) 254-7000***